## United States Court of Appeals for the Tenth Circuit
### OFFICE OF THE CLERK
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303)844-3157

Patrick J. Fisher, Jr.
Clerk of Court

Douglas E. Cressler
Chief Deputy Clerk

September 2, 2005

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP - 6 2005

GREGORY C. LANGHAM
CLERK

Kevin Eliga
U.S.P. Beaumont
#90200-012
P.O. Box 26030
Beaumont, TX 77720-6030

Mr. William J. Leone
Office of the United States Attorney
1225 17th Street
Suite 700
Denver, CO 80202

    Re:   05-1304, Eliga v. United States
          Dist/Ag docket: 05-cv-991-EWN,

Dear Counsel:

   Enclosed is a copy of an order entered today in this case.

   Please contact this office if you have questions.

                                        Sincerely,

                                        PATRICK FISHER
                                        Clerk

                                   By:  [signature]
                                        Deputy Clerk

PF:na

cc:
        Gregory C. Langham, Clerk

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

| | |
|---|---|
| KEVIN ELIGA,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | No. 05-1304 |

ORDER

Filed September 2, 2005

Before **KELLY, HENRY,** and **TYMKOVICH,** Circuit Judges.

This matter is before the court based on a motion by Kevin Eliga under the Antiterrorism and Effective Death Penalty Act (AEDPA) for authorization to file a second or successive 28 U.S.C. § 2255 motion. Relying on the decisions in *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738 (2005), and *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531 (2004), Mr. Eliga seeks authorization to challenge the sentence imposed by the district court in 2001.

The court has carefully reviewed the motion, and concludes that Mr. Eliga has failed to make the requisite showing to satisfy the AEDPA criteria in 28 U.S.C. §§ 2244(b)(2) and 2255. The decisions in *Blakely* and *Booker* do not support authorization. The Supreme

Court has not expressly held that the rule announced in these cases applies retroactively for purposes of second or successive § 2255 motions. *See Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005); *Leonard v. United States*, 383 F.3d 1146, 1148 (10th Cir. 2004).

The motion for authorization is **DENIED**. The matter is **DISMISSED**.

This order "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,
Patrick Fisher, Clerk